Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| DOCTOR'S CENTER HOSPITAL, INC. y otros<br><br>Recurridos<br><br>V.<br><br>ONE ALLIANCE INSURANCE CORP.<br><br>Peticionarios | KLCE202300763 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2019CV09681<br><br>Sobre: Daños, Sentencia Declaratoria y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece ante nos la aseguradora One Alliance Insurance Corporation mediante *certiorari* para que revoquemos la *Resolución* emitida y notificada el 5 de mayo de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Allí, se declaró *No Ha Lugar* la solicitud para descalificar a un tasador. Oportunamente, se solicitó reconsideración, la cual fue declarada *No Ha Lugar* el 8 de junio de 2023.[1]

Evaluados los escritos de ambos comparecientes, resolvemos **denegar** el auto solicitado.

**-I-**

El **17 de septiembre de 2019**, Doctor's Center Hospital San Juan, Inc., y otros (parte recurrida o Doctor's Hospital),[2] presenta

---

[1] Fue notificada el mismo día.
[2] Los demandantes fueron: *Doctor's Center Hospital San Juan, Inc., Inmobiliaria San Pedro, Inc., Inmobiliaria San Alberto, Inc., MTI Development & Construction, Inc., Alberca, Inc., Attenure Holding Trust 9 y HRH Property Holding, LLC.*

Número Identificador
RES2023_____

una acción civil sobre cubierta de seguro contra One Alliance Insurance Corporation (OAIC o peticionaria).[3] En resumen, solicita una sentencia declaratoria y daños por incumplimiento contractual, dolo y mala fe en la ejecución del contrato. OAIC contestó la demanda el 7 de febrero de 2020.[4]

Iniciado el descubrimiento de prueba, el **18 de mayo de 2020** Doctor's Hospital sometió una *Moción Solicitado Autorización Para Referir Controversia Sobre Los Daños Al Proceso De "Appraisal" Establecido Por La Ley 242*.[5] Entre otras cosas, adujo que el caso estaba listo para el procedimiento de *appraisal*. Arguyó que la ley obligaba a participar del procedimiento una vez fuera solicitado por el asegurado.[6] Sin embargo, OAIC se opuso a la solicitud al considerar que el caso no estaba maduro para ese proceso.[7] Evaluadas ambas mociones, el TPI declaró *No Ha Lugar* la solicitud para el proceso de *appraisal*.[8]

Luego de varias incidencias procesales, el **5 de marzo de 2021** OAIC compareció mediante *Moción Informativa y Solicitud de Descalificación de "Appraiser"*.[9] En síntesis, adujo que la tasadora seleccionada por Doctor's Hospital, la Sra. Lizzette Santiago, tenía un interés en el proceso de *appraisal*. Razón por la cual, solicitó que se le ordenara a la parte recurrida a nombrar un nuevo tasador.

El **12 de abril de 2021**, Doctor's Hospital reiteró su solicitud para que el caso fuera referido al proceso de *"appraisal"*.[10] OAIC se opuso nuevamente, adujo que el caso aún no estaba listo para

---

[3] Apéndice I del *Certiorari*, págs. 1 – 15.
[4] Apéndice II del *Certiorari*, págs. 16 – 32.
[5] Apéndice III del *Certiorari*, págs. 33 – 52.
[6] La parte se refería a la Ley Núm. 242–2018. En síntesis, la referida enmendó el Art. 11.150, el Art. 11.190 y añadió el Art. 9.301 a la Ley Núm. 77 de 1957 conocida como *Código de Seguros de Puerto Rico*. Además, enmendó el Art. 5.005 de la Ley Núm. 201–2003 conocida como *Ley de la Judicatura de Puerto Rico*. Acorde con la Ley Núm. 242–2018, el Comisionado de Seguro de Puerto Rico emitió el 12 de junio de 2018 la *Carta Normativa Núm. CN-2019-248-D*.
[7] Apéndice IV del *Certiorari*, págs. 53 – 68.
[8] Apéndice V del *Certiorari*, pág. 69.
[9] Apéndice VII del *Certiorari*, págs. 117 – 121.
[10] Apéndice VII-A del *Certiorari*, págs. 122 – 131.

participar del procedimiento de *"appraisal"*.[11] Atendida las posiciones de las partes, el TPI refirió el caso al procedimiento de *"appraisal"*.[12]

Por su parte, **el 12 de abril de 2023**, OAIC solicitó que se ordenara la descalificación de la tasadora de Doctor's Hospital.[13] Alegó que por el claro interés de la señora Santiago con el resultado del proceso, debía ser descalificada. En oposición, Doctor's Hospital argumentó que OAIC pretendía imponer requisitos a un tasador que no eran parte del proceso de *appraisal,* [14] lo que provocaba dilación en el caso.

Evaluada ambas posiciones, el **5 de mayo de 2023** el TPI emitió el siguiente dictamen:

> *En atención a solicitud de descalificación de tasador presentado por la parte demandada [132] y las posturas en oposición presentadas por la parte demandante [136]; el Tribunal dispone No Ha Lugar a la primera [132]. Adviértase que los "appraisers" (o tasadores) nombrados por las partes, bajo la Ley 242 del 27 de noviembre de 2018; no tienen que ser imparciales.* [15]

Oportunamente, OAIC solicitó reconsideración,[16] pero fue declara *No Ha Lugar* el **8 de junio de 2023**.[17] Inconforme, el **10 de julio de 2023** recurrió ante nos, mediante el recurso de *certiorari* y señaló los siguientes errores:

> *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA DESCALIFICACIÓN DE LA SRA. LIZZETTE SANTIAGO DE PARTICIPAR COMO TASADORA DE LA PARTE DEMANDANTE – RECURRIDA EN EL PROCESO DE 'APPRAISAL' POR SU CLARO CONFLICTO DE INTERESES CON EL RESULTADO DEL PROCESO. [sic].*
>
> *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ABUSAR DE SU DISCRECIÓN AL OBVIAR COMO HECHO MATERIAL LA CLAUSULA DE APPRAISAL DE LA PÓLIZA. [sic].*

El **20 de julio de 2023**, Doctor's Hospital presentó su oposición. Con la comparecencia de ambos, procedemos a resolver.

---

[11] Apéndice VII-B del *Certiorari*, págs. 132 – 134.
[12] Apéndice V del *Certiorari,* pág. 135.
[13] Apéndice X-A del *Certiorari*, págs. 136 – 145.
[14] Apéndice X-B del *Certiorari*, págs. 146 – 152.
[15] Apéndice XI del *Certiorari*, pág. 153.
[16] Notificada el mismo día.; *Véase*, Apéndice XII-A del *Certiorari*, págs. 154 – 145.
[17] Apéndice XI-BI del *Certiorari*, pág. 161.

**-II-**

**A.**

El auto de *certiorari* es un recurso procesal de naturaleza discrecional, lo que permite a un tribunal de mayor jerarquía revisar las resoluciones interlocutorias de un tribunal inferior.[18] Al definir la discreción, se debe entender como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[19]

No obstante, la Regla 52.1 de Procedimiento Civil,[20] delimita las instancias en que podemos atender y revisar las resoluciones y órdenes presentadas mediante *certiorari;* a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].[21]*

Con el objetivo de ejercer de una manera sabia nuestra facultad discrecional, de entender o no en los méritos del asunto esbozado en el recurso de *certiorari*, Regla 40 del Reglamento del Tribunal de Apelaciones,[22] nos brinda los siguientes criterios:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

---

[18] *Municipio Autónomo de Caguas v. JRD Construction, Inc., et al*, 201 DPR 703, 711 (2019).; *IG Builders et al. V. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[19] *García v. Asociación*, 165 DPR 311, 321 (2005).
[20] Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[21] *Id.*
[22] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[23]

Nuestra discreción judicial, nos permite expedir o denegar el *certiorari*. Al respecto, el Tribunal Supremo ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[24]

**-III-**

En el presente caso, OAIC pretende que sustituyamos el criterio del TPI por el nuestro para reconocer que dicho foro erró al no descalificar a la Sra. Lizzette Santiago de participar como tasadora de la parte recurrida en el proceso de *"appraisal"*. Sin embargo, conforme el derecho aplicable, resolvemos que el caso ante nos no presenta ninguna de las circunstancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* que nos motive expedir el auto solicitado. Tampoco encontramos justificación alguna para intervenir con la resolución recurrida, a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra.*

La determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicable y los hechos ante su consideración. Máxime cuando un tasador,

---

[23] *Id.*

[24] *Id.*; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

distinto a un árbitro, no tiene que ser imparcial. A lo que debe ajustarse, es a los estándares que establece su profesión al momento de realizar la tasación.

En consecuencia, toda vez que la parte peticionaria no señaló prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con prejuicio, parcialidad o error manifiesto, la prudencia nos dicta no intervenir en esta etapa con la resolución recurrida. Así, denegamos la expedición el auto de *certiorari* solicitado.

**-IV-**

Por lo fundamentos antes expuestos, se **deniega** la expedición del auto de *certiorari.*

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones